[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10899
Non-Argument Calendar

_____

D. C. Docket No. 98-00251-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND WAYNE CARR, JR.,
a.k.a. Rusty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 13, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Garland Wayne Carr, Jr. appeals, pro se, the district court's denial of his 18

U.S.C. § 3582(c)(2) motion to reduce his sentence pursuant to Amendment 591 to the United States Sentencing Guidelines. On October 19, 1999, Carr was sentenced to 240 months imprisonment after a jury found him guilty of (1) conspiring to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) distributing a quantity of a mixture or substance containing a detectable amount of amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report set Carr's base offense level at 32, holding him accountable for at least 500 grams of methamphetamine pursuant to U.S.S.G. § 2D1.1(a)(c)(7), and the district court did hold him accountable for that amount at sentencing. On January 13, 2006, the district court denied Carr's motion to reduce that sentence, which is the subject of this appeal.

Carr contends that Amendment 591 requires the district court to consider the offense conduct charged in the indictment, a detectable amount of methamphetamine (not 500 grams of methamphetamine), and to apply U.S.S.G. § 2D1.1(c)(13), which would reduce his sentence from 240 months to less than 120 months and result in a downward departure for an overstated criminal history. He argues that holding him accountable for at least 500 grams of methamphetamine is synonymous with holding him accountable for uncharged relevant conduct. Carr

contends that the district court interpreted Amendment 591 too narrowly in finding that it only applies to U.S.S.G. § 2D1.2. Carr's contention that the district court could not hold him accountable for at least 500 grams of methamphetamine in determining his base offense level is incorrect.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). We review de novo the district court's legal conclusions about the scope of its authority under the Sentencing Guidelines. See United States v. Armstrong, 347 F.3d 905, 907 n.2 (11th Cir. 2003).

"Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Section 3582(c)(2) grants the district court jurisdiction to reconsider original sentencing determinations where the retroactive reduction in sentence is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 591 is retroactively applicable. U.S.S.G. § 1B1.10(c).

3

Amendment 591 amends U.S.S.G. § 1B1.1(a) to instruct the district court to "[d]etermine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction." U.S.S.G. App. C, Amend. 591. The amended commentary to § 1B1.2 reads: "This section provides the basic rules for determining the guidelines applicable to the offense conduct under Chapter Two (Offense Conduct). The court is to use the Chapter Two guideline section referenced in the Statutory Index (Appendix A) for the offense of conviction." Id. (amending U.S.S.G. § 1B1.2). Nothing in the plain language of the amendment or its commentary supports the district court's finding that it applies only to § 2D1.2. Instead, the language reveals that it applies to all guidelines sections available under Chapter Two. Although we stated in United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005), that Amendment 591 "was designed to clarify [when] enhanced penalties provided by U.S.S.G § 2D1.2" apply, we did not hold or mean to imply that Amendment 591 is only applicable where a defendant's sentence is increased by § 2D1.2.

Carr still loses, however, because this case is controlled by our holding in Moreno. In that case, the defendant, like Carr, had been convicted under 21 U.S.C. §§ 846 and 841(a)(1). 421 F.3d at 1219. He appealed the district court's denial of his § 3582(c)(2) motion for a reduction of sentence. Id. at 1218. Also like Carr,

4

the defendant argued that Amendment 591 prohibited the court "from selecting the base offense level . . . where the judge (not the jury) found the requisite drug quantity used in determining the appropriate base offense level under the applicable offense guideline." Id. at 1219.

We held that "Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." Id. at 1219–20. Any argument to the contrary "'confuses two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable offense guideline, and [2] selection of the base offense level within that applicable offense guideline.'" Id. at 1220 (quoting United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002)). We held that "because Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline, the district court did not abuse its discretion by denying [the defendant's] § 3582(c)(2) motion." Id.

To the extent Carr argues that Moreno was wrongly decided and should be overturned, his argument is foreclosed by the prior panel precedent rule. Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address

5

an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").

Amendment 591 governs only the choice of the appropriate offense guideline, not the base offense level within that guideline. Carr's contention is without merit, and we affirm the district court's denial of his § 3582(c)(2) motion. See Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1230 n.2 (11th Cir. 2002) ("We may affirm the district court on different grounds as long as the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court.") (internal quotation marks omitted).

**AFFIRMED.**