[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15926
Non-Argument Calendar

_____

D. C. Docket No. 98-00251-CR-T-26TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND WAYNE CARR, JR.,
a.k.a. Rusty,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2008)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This is Garland Wayne Carr, Jr.'s pro se appeal of the district court's denial of his second 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. As he did in his first appeal, Carr once again contends that he is entitled to a reduction of his sentence under United States Sentencing Guidelines Amendment 591. He also contends that the district court erred when it denied his second § 3582(c)(2) motion because the issues it raised were barred by the law of the case doctrine.

We review de novo the application of the law of the case doctrine. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005). "Under the law-of-the-case doctrine, [the resolution of] an issue decided at one stage of a case is binding at later stages of the same case. The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. . . . Law of the case binds not only the trial court but this court as well." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) (internal quotation marks and citations omitted; alteration in original).

The arguments Carr raised in his second § 3582(c)(2) motion were also raised in his first § 3582(c)(2) motion. See United States v. Carr, 189 Fed. Appx. 907, 908–09 (11th Cir. 2006). We rejected those arguments in his first appeal. Id. at 910. Because none of the exceptions to the law of the case doctrine apply in this case, see generally Schiavo, 403 F.3d at 1292, we are precluded by that doctrine

2

from revisiting any of the issues Carr has raised for a second time in this appeal.

**AFFIRMED**.