[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10013
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-00039-CR-UUB

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

DIOGENES PALACIOS,

Defendant-Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Florida

_____

(March 4, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

In United States v. Palacios, No. 92-5180 (11th Cir. June 4, 2001) (not

published), we affirmed appellant's convictions and sentences for conspiracy to

possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On June 21, 2007, appellant moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the ground that a retroactive amendment to the Sentencing Guidelines, Amendment 591 to U.S.S.G. §§ 2D1.1 and 2D1.2, required the district court to sentence him only on the basis of the quantity of cocaine charged in the indictment and established by the jury at his trial;[1] the amendment therefore lowered his sentencing range. The district court denied appellant's motion, concluding that United States v. Moreno, 421 F.3d 1217 (11th Cir. 2005), precluded the relief appellant was seeking and, moreover, that Amendment 591 did not appear to change his sentences because his offense of conviction was not one of the enumerated offenses affected by the amendment. Appellant appeals, challenging the court's ruling.

Appellant argues that United States v. Carr, 189 Fed. Appx. 907 (11th Cir. 2007), an unpublished decision, holds that Amendment 591 applies to all Guidelines sections under Chapter 2, and that Carr effectively condemns as error the district court's holding that Amendment 591 applies only to the selection of the

_____

[1] Appellant was not charged in the indictment with the amount of drugs the court held him accountable for at sentencing.

offense guideline but not the base offense level within the guideline. Moreover, the court's holding conflicts with Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), because the holding, if upheld, would allow the sentencing judge, rather than a jury (or the defendant by admission), to determine the quantity of drugs for which the defendant should be held accountable.

Under § 3582, a district court may not modify a sentence of imprisonment once the sentence has been imposed except where expressly authorized by law. 18 U.S.C. § 3582(c)(1)(B). Section 1B1.10 of the Sentencing Guidelines states, "[w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a).

In Moreno, we held, contrary to the position appellant has adopted, that Amendment 591 applies only "to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline." 421 F.3d at 1220. Moreno is the law of this circuit unless overruled by the court en banc or rendered inoperative by a decision of the Supreme Court.

**AFFIRMED.**