**UNITED STATES of America,
Appellee,**

v.

**George RIVERA, Defendant–Appellant.**

**Docket No. 01–1390.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 8, 2002.

Decided: Feb. 21, 2002.

Petition For Rehearing Filed:
April 11, 2002.

Decided: June 3, 2002.

George Rivera, pro se, Beaumont, TX, on submission.

Helen V. Cantwell, Jamie L. Kogan, Assistant United States Attorneys (Mary Jo White, United States Attorney for the Southern District of New York, on the brief), on submission.

Before JACOBS, F.I. PARKER, SOTOMAYOR, Circuit Judges.

JACOBS, Circuit Judge.

By summary order issued February 21, 2002, we affirmed a judgment of the United States District Court for the Southern District of New York (Kram, J.), denying motions by George Rivera for recusal of the district judge pursuant to 28 U.S.C. § 455(b)(1) and for modification of sentence pursuant to 18 U.S.C. § 3582(c). Rivera, *pro se*, petitions for rehearing on both issues. We deny rehearing, but it appears that the ground urged for modification of the sentence, fully considered in our summary order, would benefit from expanded treatment in a published opinion.

In seeking a modification of sentence, Rivera relied on intervening Amendment 591 to the U.S. Sentencing Guidelines. Prior to Amendment 591, a court could consider actual (i.e., relevant) conduct when selecting the applicable offense guideline section. Amendment 591, effective November 1, 2000, requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct (in this case, drug quantity) that will never be made by the jury.[1] The Amendment was intended to "empha-

size that the sentencing court must apply the offense guideline referenced in the Statutory Index [at the back of the Sentencing Guidelines Manual] for the statute of conviction." U.S.S.G. Manual, Supp. to App. C, amend. 591, cmt. at 32 (Nov. 1, 2000).

The logical defect in Rivera's petition is that it confuses [1] the applicable *offense guideline* with [2] *the base offense level* within that applicable offense guideline.

## I

On November 16, 1990, Rivera was convicted by a jury on one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and on one count of attempted tax evasion, in violation of 26 U.S.C. § 7201. The conspiracy count of the indictment alleged generally one or more kilograms of heroin, but the trial judge charged the jury (consistent with then-current law) that drug quantity was not an essential element of the crime.

To arrive at a recommended sentence, the Probation Office responsible for the Presentence Investigation Report ("PSR") consulted the Statutory Index for the applicable version of the U.S. Sentencing Guidelines[2] and concluded that violations of 21 U.S.C. § 846 were covered by offense guideline § 2D1.4 (Attempts and Conspiracies),[3] which in turn provided that the offense level for a narcotics conspiracy "shall be the same as if the object of the conspiracy had been completed." U.S.S.G.

---

1. An exception contained in U.S.S.G. § 1B1.2(a) is not applicable here.

2. The Probation Office, and the court, used pre-November 1, 1989 Sentencing Guidelines to avoid an *ex post facto* problem under *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

3. Section 2D1.4 (Attempts and Conspiracies) was deleted by consolidation with the guidelines applicable to the underlying substantive offenses effective November 1, 1992.

§ 2D1.4. Since the object of the conspiracy was the distribution of heroin, the Probation Office relied on offense guideline § 2D1.1.

Base offense levels under guideline § 2D1.1 vary depending on drug quantity, and pursuant to § 2D1.1(a)(3) and § 2D1.1(c)(2) of the Drug Quantity Table, Rivera's base offense level was set at 36. The Probation Office added eight levels for a variety of reasons not relevant here. After considering objections, the district court adopted the Probation Office's guidelines calculations. Rivera's adjusted offense level of 44, combined with his Criminal History Category of I, resulted in a principal sentence of life imprisonment on the conspiracy count.[4]

In March 2001, Rivera moved to modify his sentence pursuant to 18 U.S.C. § 3582(c), which allows a court to modify a defendant's sentence based on an amendment to the Sentencing Guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Rivera argued that the selection of base offense level 36 (under offense guideline § 2D1.1) was impermissible under Amendment 591 because it was made on the basis of the judge's finding of drug quantity—a finding that the jury did not make—rather than on the basis of the conduct underlying the offense of conviction.

The district court denied Rivera's motion to modify his sentence pursuant to Amendment 591. We affirmed by summary order, explaining that Amendment 591 did not alter Rivera's sentence because the selection of U.S.S.G. § 2D1.1 as the appropriate offense guideline was indeed solely based on the conduct underlying Rivera's offense of conviction, and was not influenced by a judicial finding as to actual conduct.

## II

The petition for rehearing argues that Amendment 591 governs the selection of the base offense level within the offense guideline selected from the Statutory Index. This confuses two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable *offense guideline,* and [2] selection of the *base offense level* within that applicable offense guideline. The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level. This reading is confirmed in several ways.

First, U.S.S.G. § 1B1.3(a) explicitly allows a sentencing court to consider relevant conduct and specific offense characteristics in choosing the appropriate *base offense level* once an offense guideline has been selected.

Second, Commentary Note 2 to offense guideline § 1B1.2 states:

> Section 1B1.2(b) directs the court, *once it has determined the applicable guideline* ... under § 1B1.2(a)[,] to determine any applicable specific offense characteristic (under that guideline), and any other applicable sentencing factors pursuant to the relevant conduct definition in § 1B1.3. *Where there is more than one base offense level within a particular guideline, the determination of the applicable base offense level is treated in the same manner as a determination of a specific offense characteristic. Accordingly, the "relevant conduct" criteria of § 1B1.3 are to be used,* unless conviction under a specific statute is expressly required.

4. The Probation Office also calculated Rivera's offense level for his conviction of attempted tax evasion, which of course did not affect the overall offense level.

U.S.S.G. § 1B1.2 cmt. n. 2 (emphases added).

Third, the Commentary to Amendment 591 explains that the Amendment is a reaction to case law that selected an offense guideline based on actual conduct not underlying the offense of conviction. *See United States v. Clay,* 117 F.3d 317 (6th Cir.), *cert. denied,* 522 U.S. 962, 118 S.Ct. 395, 139 L.Ed.2d 309 (1997); *see also United States v. Oppedahl,* 998 F.2d 584 (8th Cir.1993). The commentary makes plain that the Amendment rejects these cases:

> [T]he amendment · deletes Application Note 3 of § 1B1.2 (Applicable Guidelines), which provided that in many instances it would be appropriate for the court to consider the actual conduct of the offender, even if such conduct did not constitute an element of the offense. This application note describes a consideration that is more appropriate when applying § 1B1.3 (Relevant Conduct), and its current placement in § 1B1.2 apparently has caused confusion in applying that guideline's principles to determine the offense conduct guideline in Chapter Two most appropriate for the offense of conviction. In particular, the note has been used by some courts to permit a court to decline to use the offense *guideline* referenced in the Statutory Index in cases that were allegedly "atypical" or "outside the heartland." *See United States v. Smith,* [186 F.3d 290 (3d Cir.1999) ].

U.S.S.G. Manual, Supp. to App. C, amend. 591, cmt. at 32 (Nov. 1, 2000) (emphases added).

\*    \*    \*    \*    \*    \*

Since the district court selected Rivera's applicable offense guideline in accordance with the procedure set out in Amendment 591, we affirm the judgment of the district court and deny the petition for rehearing.