**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert SHIPP, Defendant–Appellant.**

No. 01–4134.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2002 *.

Decided July 25, 2002.

Before POSNER, KANNE, EVANS, Circuit Judges.

ORDER

Robert Shipp appeals from the denial of his motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c), claiming that Amendment 591 to the sentencing guidelines required the district court to lower his prison sentence. We disagree and affirm the judgment of the district court.

In 1993 Shipp and six co-defendants were indicted on various narcotics-related offenses. A jury convicted all seven on Count I of the indictment, which charged them with conspiring to possess and distribute cocaine and crack, and to use a telephone to facilitate drug transactions, all in violation of 21 U.S.C. §§ 846, 841(a)(1), and 843(b). The jury also convicted Shipp individually on eight counts of using a telephone to further his drug trafficking in violation of § 843(b). The district court sentenced Shipp to life imprisonment, and we affirmed. *United States v. Banks*, 78 F.3d 1190 (7th Cir.1996).

In September 2001 Shipp filed a § 3582(c) motion requesting that the district court modify his prison time to comply with Amendment 591. Section 3582(c) allows a federal court to shorten a term of imprisonment if subsequent amendments to the sentencing guidelines lowered the relevant sentencing range, so long as the reduction in the prison sentence is consistent with the policies of the Sentencing Commission. 18 U.S.C. § 3582(c); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999). Section 1B1.10 of the guidelines identifies the amendments for which a subsequent reduction in prison sentence would be consistent with the policy of the Sentencing Commission, and Amendment 591 is included in the list. U.S.S.G. § 1B1.10(c). Amendment 591, therefore, is a proper basis on which to make a § 3582(c) motion. Our review of the record reveals, however, that Shipp's sentence was imposed in compliance with the mandate of Amendment 591, and so the post-sentencing amendment does not warrant modification of his sentence.

Amendment 591, which became effective November 1, 2000, modified the guidelines to require that sentencing courts "apply the offense guideline referenced in the Statutory Index for the statute of conviction." U.S.S.G.App. C, amend. 591. This

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

change deviated from previous practice, which allowed an offender's actual conduct to be used in selecting the offense guideline, even if that conduct was not charged as part of the offense of conviction. *Id.; United States v. Rivera,* 293 F.3d 584, No. 01–1390, 2002 WL 1162693, at *2 (2d Cir. Jun. 3, 2002).

The amendment, though, is plainly irrelevant to Shipp because the sentencing court selected U.S.S.G. § 2D1.1 as the offense guideline, just as the court would have been required to do if Amendment 591 already had been in place. Shipp's conspiracy conviction controlled the guideline calculations because it was his most serious offense, and conspiracy convictions are sentenced under the guideline governing the underlying substantive offense. U.S.S.G. § 2X1.1(a). In Shipp's case the underlying objects were violations of § 841(a) and § 843(b), and the statutory index—which after Amendment 591 must be used—provides the appropriate guideline provision for each statute: § 2D1.1 for § 841(a) and § 2D1.6 for § 843(b). U.S.S.G.App. A. Section 2D1.6 in turn instructs that the guideline for the offense underlying the use of the telephone should be used to impose a sentence, and since Shipp used a telephone to further his drug trafficking, § 2D1.1 is again the appropriate offense guideline. Accordingly retroactive application of Amendment 591 could not have benefitted Shipp.

Still, Shipp insists that Amendment 591 would have yielded a more favorable sentence because, he says, the amendment now precludes using relevant conduct, not specifically charged in the offense of conviction, to set the base offense level. His § 3582(c) motion and his appellate brief, however, evidence a fundamental misunderstanding of Amendment 591. After

Amendment 591, a sentencing court may still consider actual conduct in determining relevant conduct under U.S.S.G. § 1B1.3, but not in selecting the appropriate offense guideline under U.S.S.G. § 1B1.1(a) and U.S.S.G. § 1B1.2(a). "The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level." *Rivera,* 293 F.3d 584, 2002 WL 1162693, at *2.

AFFIRMED.