**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6066**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ROHAN ST. JOSEPH KEATING,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., District Judge.  (CR-93-66-2)

---

Submitted:  May 28, 2004          Decided:  June 15, 2004

---

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Rohan St. Joseph Keating, Appellant Pro Se. Janet S. Reincke, Assistant United States Attorney, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rohan St. Joseph Keating appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) (2000) motion. Keating sought reduction of his sentence based on Amendment 591 to the sentencing guidelines. Finding no error, we affirm.

We review the denial of a motion to modify sentence for abuse of discretion. United States v. Turner, 59 F.3d 481, 483 (4th Cir. 1995). The sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Section 1B1.10 of the sentencing guidelines provides that, where the guidelines range applicable to a defendant has subsequently been lowered as a result of an amendment listed in subsection (c), a reduction is authorized under § 3582(c)(2). U.S. Sentencing Guidelines Manual § 1B1.10 (2003).

Amendment 591 is one of the listed amendments that applies retroactively. USSG § 1B1.10(c). Amendment 591 requires the sentencing court to apply the offense guideline referenced in the Statutory Index in Appendix A for the statute of conviction. USSG App. C, Amend. 591. The amendment clarified USSG §§ 1B1.1 and 1B1.2, which some circuits previously interpreted as permitting a court to use an offender's actual conduct in selecting the offense guideline, even if that conduct was not charged in the indictment. See United States v. Rivera, 293 F.3d 584, 586-87 (2d Cir. 2002).

- 2 -

We find that the district court acted in accordance with USSG §§ 1B1.1 and 1B1.2 at sentencing when it consulted the Statutory Index and referred to USSG § 2D1.1 as the proper guideline for Keating's convictions under 21 U.S.C. §§ 841, 846 (2000). See USSG, App. A.

Keating argues that his guideline range was improperly based on quantities and types of drugs determined by the sentencing court, resulting in a base offense level higher than the offense level supported by the facts alleged in the indictment or found by the jury. Keating is confused, however, because Amendment 591 does not impact how the base offense level is calculated within the appropriate guideline. Instead, Amendment 591 affects which guideline will be used in determining the base offense level. Here, Keating does not challenge the guidelines used by the district court; he simply challenges the court's application of the guideline, an issue not addressed by Amendment 591.

Accordingly, we affirm the district court's denial of Keating's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -