**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-7981**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FREDDIE JONES, JR.,

Defendant - Appellant.

_____

**No. 04-7992**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TORRANCE JONES,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W.  Boyle, District Judge.  (CR-96-79-02-BO; CA-00-42-5-BO; CR-96-79)

_____

Submitted:  June 17, 2005          Decided:  July 29, 2005

_____

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Freddie Jones, Jr., Torrance Jones, Appellants Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Christine Blaise Hamilton, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated cases, Freddie and Torrance Jones appeal the district court's dismissal of their motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2000), asserting that they are entitled to reductions based on Amendment 591 to the U.S. Sentencing Guidelines. The district court, at the urging of the Government, construed the motions as motions to vacate pursuant to 28 U.S.C. § 2255 (2000). As Freddie and Torrance have each filed a previous § 2255 motion, the court dismissed the current motions as unauthorized successive § 2255 motions. Freddie and Torrance have appealed.

We conclude that the district court erred in construing the 18 U.S.C. § 3582(c)(2) motions as § 2255 motions. A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion. United States v. Goines, 357 F.3d 469, 476 (4th Cir. 2004). However, we conclude that these motions fail on their merits. We review the denial of a motion to modify sentence for abuse of discretion. United States v. Turner, 59 F.3d 481, 483 (4th Cir. 1995). The sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a guideline range subsequently lowered by the Sentencing Commission, 18 U.S.C. § 3582(c)(2), and the amendment is listed in USSG § 1B1.10(c) as retroactive. USSG § 1B1.10(a), p.s. (2004).

Amendment 591 is one of the listed amendments that applies retroactively. USSG § 1B1.10(c). Amendment 591 requires the sentencing court to apply the offense guideline referenced in the Statutory Index in Appendix A for the statute of conviction. USSG App. C, Amend. 591. The amendment clarified USSG §§ 1B1.1 and 1B1.2, which some circuits had interpreted as permitting a court to use an offender's actual conduct in selecting the offense guideline, even if that conduct was not charged in the indictment. See United States v. Rivera, 293 F.3d 584, 586-87 (2d Cir. 2002).

We find that the district court acted in accordance with USSG §§ 1B1.1 and 1B1.2 at sentencing when it consulted the Statutory Index and referred to USSG § 2D1.1 as the proper guideline for the Joneses' convictions under 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2005). See USSG, App. A. The Joneses argue that their guideline ranges were improperly based on quantities and types of drugs determined by the sentencing court, resulting in a base offense level higher than the offense level supported by the facts alleged in the indictment or found by the jury. However, Amendment 591 does not impact how the base offense level is calculated within the appropriate guideline. Instead, Amendment 591 affects which guideline will be used in determining the base offense level.

Therefore, the claims lack merit and entitle the Joneses to no relief. Accordingly, we affirm the district court's denial

of their § 3582(c)(2) motions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED