

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# USA v. Swint

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Swint" (2007). *2007 Decisions.* Paper 395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-354                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1719
_____

UNITED STATES OF AMERICA

v.

NATHANIEL SWINT

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 94-cr-00276)
District Judge: Honorable Jan E. DuBois
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2007

Before:  RENDELL, SMITH AND JORDAN, <u>Circuit Judges</u>.

(Filed:  September 21, 2007)
_____
OPINION
_____

PER CURIAM

        Nathaniel Swint appeals from the orders of the United States District Court for the

Eastern District of Pennsylvania denying his motion under 18 U.S.C. § 3582 to reduce his

sentence and his motion for reconsideration.  We will affirm the judgment of the District

Court.

Because the parties are familiar with the facts, we provide only a summary here. In 1995, Nathaniel Swint was convicted of conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. § 846, possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and attempt to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. Swint was sentenced in September 1996 pursuant to the federal Sentencing Guidelines; the District Court determined that § 2D1.1 was the applicable offense guideline. The District Court then determined the drug quantity after considering the trial evidence and presentence investigation reports, and computed the base offense level (and total offense level) to be 34, based on four kilograms of heroin, four kilograms of cocaine, and two ounces of heroin. Prior to sentencing, the government had filed an Information under 21 U.S.C. § 851 setting forth two earlier convictions for use in seeking increased punishment. As a result of the Information, and in consideration of the drug quantity involved in the four new offenses, the mandatory minimum sentence for counts two and four was life imprisonment on each count; the District Court imposed that mandatory minimum sentence for both count two and count four. The guideline sentences for counts one and three exceeded the mandatory minimum sentences, and the District Court imposed 250-month terms on both count one and count three. All four imposed terms were to run concurrently with each other. This Court affirmed in 1997; the Supreme Court denied certiorari in 1998.

In 1998, Swint filed a motion under 28 U.S.C. § 2255 to vacate his sentence, as

2

later amended. The District Court denied relief on July 17, 2000. Swint has since continued to file collateral attacks on his sentence, all of which have been unsuccessful in reducing his sentence. Swint's recent history includes his motions under Rule 60(b) of the Federal Rules of Civil Procedure, seeking modification of the July 17, 2000 order denying section 2255 relief.

In January 2007, Swint filed a motion pursuant to 18 U.S.C. § 3582(c) to modify his sentence under Amendment 591 to the Sentencing Guidelines. He later supplemented that motion. By order entered February 6, 2007, the District Court denied the motion, concluding that Swint was not entitled to relief under Amendment 591. Swint filed a motion for reconsideration, which the District Court denied by order entered February 28, 2007. Swint appeals. Upon notification by this Court that the appeal would be submitted for possible summary action, Swint filed a response in opposition to summary action, as well as a supplement to that response.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's interpretation and application of the Sentencing Guidelines. See United States v. Edwards, 309 F.3d 110, 112 (3d Cir. 2002) (per curiam). We may affirm on any basis that is supported by the record. Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Under section 3582(c)(2), a court may reduce an imposed sentence based on an amendment to the Sentencing Guidelines if the amendment is named in the Sentencing Commission's policy statement, § 1B1.10. See United States v. McBride, 283 F.3d 612,

3

614 (3d Cir. 2002). Amendment 591 is retroactively applicable under § 1B1.10(c). Amendment 591 no longer allows a sentencing court to use the Statutory Index of the Sentencing Manual (Appendix A) in choosing the offense guideline based on actual conduct of the offender, rather than on the underlying offense. Instead, Amendment 591 requires the sentencing court to apply the offense guideline listed in Appendix A that corresponds to the statute of conviction. See United States v. Diaz, 245 F.3d 294, 302 (3d Cir. 2001).

In denying Swint's section 3852 motion, the District Court explained, inter alia, that it had selected the applicable offense guideline (§ 2D1.1) in accordance with Amendment 591, and thus no Amendment 591 violation occurred. Moreover, the District Court noted that Swint was sentenced pursuant to the mandatory minimum under 21 U.S.C. § 841(b)(1)(A), which exceeded the guideline sentence range, and that Amendment 591 offers no relief. Swint clarified his argument in his motion for reconsideration. Swint's argument appears to have been that resentencing under Amendment 591 would forbid the District Court from considering his section 851 prior convictions or the drug quantity because both factors relate to "actual conduct" and not to the underlying offense as determined by the jury, whereas Amendment 591 mandates that only the underlying offense may be considered. Swint thus asserted that his convictions would carry no mandatory minimum, and his base offense level would be significantly lower than determined by the District Court. Specifically, while conceding in his motion for reconsideration that § 2D1.1 is the applicable guideline, Swint contended that his base

4

offense level would be calculated as 12, not 34, under Amendment 591.

In his submission to this Court, Swint cites United States v. Rivera, 293 F.3d 584 (2d Cir. 2002), in support of his argument. However, as was true in Rivera, Swint's argument is flawed because it confuses the concepts of the applicable "offense guideline" with the "base offense level" within that offense guideline. See id. at 585. Amendment 591 applies to the selection of the offense guideline, not to the base offense level. Id. at 586. Accord, United States v. Moreno, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (Amendment 591 does not restrict the use of judicially-found facts to select the base offense level). We agree with the District Court's conclusion that Amendment 591 does not afford Swint any relief because the application of § 2D1.1 as the offense guideline at his sentencing was based on the statute of conviction, not on other conduct. Even if Amendment 591 had been in effect at the time of Swint's sentencing in 1996, the District Court still would have consulted § 2D1.1's drug quantity table to determine Swint's base offense level and still would have calculated his mandatory minimum sentences in light of his prior convictions.[1]

---

[1] To the extent that Swint argues claims for resentencing under Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), as noted by the District Court, neither case applies retroactively on collateral review. United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003) (regarding Apprendi); Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005) (regarding Booker). Moreover, the scope of a sentencing court's inquiry under section 3582(c)(2) is limited to consideration of a retroactive amendment to the Sentencing Guidelines; section 3582(c)(2) does not entitle a defendant to a full de novo resentencing. United States v. McBride, 283 F.3d 612, 615-16 (3d Cir. 2002).

Because we conclude that his appeal presents us with no substantial question, <u>see</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's order.