

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-23-2009

# USA v. Salvatore Sparacio

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1882

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Salvatore Sparacio" (2009). *2009 Decisions.* Paper 1832.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1832

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1822
_____

UNITED STATES OF AMERICA,

v.

SALVATORE SPARACIO,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 2-94-cr-00127-4
(District Judge: The Honorable Ronald L. Buckwalter )

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2009

Before: McKEE, JORDAN, and LOURIE* *Circuit Judges*.

(Filed: February 23, 2009)

---

*The Honorable Alan D. Lourie, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

OPINION OF THE COURT

McKee, <u>Circuit Judge</u>,

Salvatore Sparacio appeals the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. We exercise plenary review over legal questions concerning the interpretation of the Sentencing Guidelines. *See United States v. Batista*, 483 F.3d 193, 196 (3d Cir. 2007).

Sparacio argues that the district court should have granted the motion he filed to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Section 3852(c)(2) allows a sentencing reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Sparacio claims that the adoption of Amendment 591 mandating that the initial selection of an offense guideline be based only on the statute of conviction, and not on related conduct, justifies a reduction of his sentence pursuant to § 3582(c)(2). U.S.S.G., App. C, amend. 591 (2003); *see United States v. Diaz*, 245 F.3d 294, 302 (3d Cir. 2001).

However the sentencing court correctly applied U.S.S.G. § 2E1.1(A) when Sparacio was sentenced. That guideline applies to "Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations." Sparacio does not contend that the court erred in selecting that guideline. Rather, he contends that under Amendment 591 the district court should not have applied the cross reference to U.S.S.G. § 2A1.1 and § 2A1.5(c)(2), which specify a base offense

2

level based on First Degree Murder and Conspiracy to Commit Murder. Sparacio rests his argument on his contention that there was insufficient proof that a death occurred as a result of his racketeering activity.

Sparacio's argument confuses the concept of "offense guideline" with "base offense level." Amendment 591's restriction on the use of judicially-found facts applies only to a determination of the offense guideline, and not the base offense level. *See United States v. Rivera*, 293 F.3d 584, 586 (2d Cir. 2002) ("The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level."); *United States v. Moreno*, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (per curiam) ("Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline.").

Here, the sentencing court's selection of § 2E1.1 as the applicable guideline was based solely on the statute of conviction, thus satisfying the requirements of Amendment 591. Accordingly, despite Sparacio's very intricate argument to the contrary, the district court did not have authority to reduce his sentence under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in . . . imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

Moreover, reduced to its essence, Sparacio's § 3582(c)(2) argument is in reality nothing more than yet another attempt to challenge the sufficiency of the evidence of his culpability for murder. He argues: "the offense of conviction did not result in the death of Michael Ciancaglini,

3

and Sparacio was not an active participant in the murder of Michael Ciancaglini. There was no evidence that Sparacio had specific intent to kill Michael Ciancaglini. Accordingly, it was wrong to apply USSG 2A1.1, the guideline for first degree murder." Appellant's Br. at 17.

Sparacio refuses to acknowledge that the underlying murder was established beyond a reasonable doubt at trial, and we subsequently affirmed that conviction on direct appeal. Accordingly, his claim that the murder of Michael Ciancaglini was not part of the charged racketeering activity is meritless.

## II.

For all of the above reasons, we will affirm the order of the district court.