ALD-139                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1396
_____

UNITED STATES OF AMERICA

v.

NATE SWINT,
                    Appellant

_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 94-cr-00276)
District Judge:  Honorable Jan E. Dubois

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before: SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  April 4, 2011 )
_____

OPINION
_____

PER CURIAM

        Nate Swint appeals from the orders of the District Court denying his motion under

18 U.S.C. § 3557 to review his sentence, his motion for reconsideration of that order, and

his motion to reconsider his sentence.  Because the parties are familiar with the facts, we

provide only a summary here.

Swint was convicted of federal drug offenses and sentenced in 1996 to life in prison (two terms of life and two terms of 250 months, to be served concurrently). This Court affirmed in 1997, and the Supreme Court denied certiorari in 1998. Swint next filed a motion under 28 U.S.C. § 2255 to vacate his sentence, which the District Court denied in 2000. Since then, Swint has made numerous, unsuccessful challenges to his sentence. He recently filed a "Letter/Motion Seeking Review of Sentences in Accordance with 18 U.S.C. § 3557," which the District Court denied in December 2010. Swint then filed motions for reconsideration of the District Court's order, as well as the sentence imposed in 1996. The District Court denied these motions in January 2011. Swint appeals. He also moves to stay this appeal pending our decision on a mandamus petition, which was docketed at C.A. No. 11-1416.

We exercise jurisdiction under 28 U.S.C. § 1291 and will affirm the judgment of the District Court. In the first motion at issue, Swint asked the District Court to exercise its authority under 18 U.S.C. § 3557 to review the sentence imposed on him more than fourteen years ago. He primarily argued that the sentence is illegal in light of United States v. Booker, 543 U.S. 220 (2005). The District Court denied the motion because 18 U.S.C. § 3557 governs appeals from final sentences, and Swint already had such an appeal more than a decade ago. We agree. The statute relied upon by Swint provides that "review of a sentence imposed pursuant to section 3551 [18 U.S.C. § 3551] is governed by the provisions of section 3742 [18 U.S.C. § 3742]." The cross-referenced

2

section, 18 U.S.C. § 3742, governs only direct appeals of criminal sentences; it does not authorize review of a collateral attack on a sentence, like Swint's motion.

In his motions for reconsideration of both the District Court's December 2010 order and the sentence imposed in 1996, Swint again argued that his sentence is illegal under <u>Booker</u> and warrants review at this time. The District Court denied the motions on the basis that <u>Booker</u> does not apply retroactively on collateral review to cases where the judgment was final as of the date <u>Booker</u> issued (January 12, 2005). <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005). We agree with the District Court's conclusion and note that we have previously denied Swint relief under <u>Booker</u>. <u>United States v. Swint</u>, 251 Fed. App'x 765, 768 n.1(3d Cir. 2007).

There being no substantial question presented by this appeal, we will summarily affirm the District Court's orders. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny Swint's motion for a stay of appeal in light of our disposition of his mandamus petition docketed at C.A. No. 11-1416.