11-2587-cr
United States v. Mungin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand twelve.

PRESENT:
> Amalya L. Kearse,
> Barrington D. Parker,
> Peter W. Hall,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.                                                          11-2587-cr

Michael Mungin,

> *Defendant - Appellant*.

_____

FOR APPELLANT:           Michael Mungin, *pro se*, Salters, S.C.

FOR APPELLEE:            Jessica R. Lonergan, Andrew L. Fish, Assistant United States Attorneys, *of counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from an order of the United States District Court for the Southern District of New York (Baer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Michael Mungin, proceeding *pro se*, appeals from the district court's order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 591 to the United States Sentencing Guidelines. This Court reviews *de novo* the determination of whether a defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009) (citing *United States v. Pettus*, 303 F.3d 480, 483 (2d Cir. 2002)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Mungin argues that Amendment 591, listed in section 1B1.10(c), entitles him to a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). Amendment 591 replaced section 1B1.1(a)(1) with the following: "Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. *See* § 1B1.2." Amendment 591 thereby "requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct . . . ." *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). "The Amendment was intended to emphasize that the sentencing court must apply the offense guideline referenced in the Statutory Index [at the back of the Sentencing Guidelines Manual] for the statute of conviction." *Id.* (brackets in original) (internal citation and quotation marks omitted). Mungin argues that the appropriate initial offense guideline for Counts Two, Three, and Four of the indictment, for conspiracy to commit murder in aid of racketeering, *see* 18

2

U.S.C. § 1959(a)(5), is U.S.S.G. § 2A1.5 (Conspiracy or Solicitation to Commit Murder), rather than U.S.S.G. § 2E1.3 (Violent Crimes in Aid of Racketeering Activity). Mungin is wrong.

The Guidelines Manual's Statutory Index (Appendix A) provides that section 2E1.3 applies to offenses in violation of § 1959. *See* U.S.S.G. Manual, App. A. Thus, Amendment 591 instructs that the Guidelines calculation for Counts Two, Three, and Four starts with reference to section 2E1.3 as the initial "offense guideline." That was done in this case. Section 2E1.3 in turn instructs the sentencing court to apply, as the "base offense level," the greater of either 12 or "the offense level applicable to the underlying crime or racketeering activity." Here, the underlying crime in Counts Two, Three, and Four is conspiracy to commit murder, which, according to section 2A1.5, carries a higher base offense level. That section 2E1.3 incorporates section 2A1.5 by reference for the purpose of determining the base offense level does not transform section 2A1.5 into the "offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction" that Amendment 591 requires the sentencing court initially to select. *See Rivera*, 293 F.3d at 586 ("The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level."). For the same reasons, the sentencing court properly adjusted the base offense level further upward pursuant to section 2A1.5's provision that "[i]f the offense resulted in the death of a victim, apply § 2A1.1," which provides for a base offense level of 43. It is only the initial selection of the offense guideline—not the cross-references contained therein for the purposes of calculating the base offense level—that Amendment 591 prohibits sentencing judges from determining based on "judicial findings of actual conduct" not made by a jury, such as the death of a victim.

Mungin's assertion that his plea agreement did not include the stipulation that any of the victims of his offenses died is also without merit. Mungin did in fact stipulate in his plea agreement that the conspiracies to commit murder charged in Counts Two, Three, and Four each resulted in the death of a victim. Although Mungin now asserts that his "plea agreement . . . was modified after [he] waive[d] indictment and pled guilty to the Government's information," he offers no evidence in support of this allegation. The district court properly applied section 2A1.1, the applicable section cross-referenced in section 2A1.5, because, as Mungin stipulated, three of the offenses of which he was convicted resulted in the death of the victims.

We hold that the district court properly denied Mungin's § 3582(c)(2) motion. We have considered the remainder of Mungin's arguments and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4