NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4601
_____

UNITED STATES OF AMERICA

v.

CHARLES PERNELL RIDDICK, JR.
a/k/a Booper,

Charles Pernell Riddick, Jr.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:95-cr-00073-002)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2013

Before:  SCIRICA, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 2, 2013 )
_____

OPINION
_____

PER CURIAM

    In 1995, Charles Pernell Riddick, Jr., was part of a group of individuals indicted in

connection with a drug ring centered around the Lehigh County Prison in Allentown,

Pennsylvania.  Riddick himself was named in the first seven counts of the indictment.

Count one charged the members of conspiracy under 21 U.S.C. §§ 841(a)(1) and 846, whereas the remaining counts addressed certain of the overt acts committed as part of the conspiracy. Counts two, four, and six charged violations of 21 U.S.C. § 860(a), relating to drug offenses committed in "or within one thousand feet of" certain facilities, such as schools. Following a jury trial, Riddick was convicted of all charges and was sentenced to life in prison. We affirmed his conviction and sentence. See United States v. Riddick, 100 F.3d 949 (3d Cir. 1996) (table).

In late 2011, Riddick filed a motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a court to modify the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." He pointed to Amendment 591 to the United States Sentencing Guidelines, claiming that it had reduced his sentencing range (and, significantly, had eliminated the possibility of life imprisonment from its top end) by clarifying how offense guidelines were to be selected. Riddick also maintained that the District Court's original application of U.S.S.G. § 2D1.2 was erroneous because a two-point enhancement was applied to "the amount of drugs attributed [to] the *entire* conspiracy" and not just to those sales connected with a 21 U.S.C. § 860 conviction. Finally, he also presented various personal factors for the Court's consideration, such as his good behavior while incarcerated, his educational accomplishments since his conviction, and his family situation outside prison.

The District Court denied relief. It held that Amendment 591 did not, as a matter

2

of law, affect Riddick's sentence. It noted, too, that his underlying arguments were meritless.

Riddick timely sought review of the District Court's order. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) to conduct plenary review of the District Court's application of law. See United States v. Berberena, 694 F.3d 514, 519 n.7 (3d Cir. 2012); United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009).

Enacted in 2000, Amendment 591 clarified that the initial selection of an offense guideline was to "be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct . . . that will never be made by the jury." United States v. Rivera, 293 F.3d 584, 585 (2d Cir. 2002); see also United States v. Diaz, 245 F.3d 294, 301–02 (3d Cir. 2001). At issue here is U.S.S.G. § 2D1.2, the guideline associated with "drug offenses occurring near protected locations." Riddick points out that the first count of the indictment, which charged the overarching conspiracy and reached far more drug-related conduct than did the individual overt acts covered by the other counts, did not mention 21 U.S.C. § 860. Hence, he asserts, the selection of the § 2D1.2 offense guideline for count-one conduct was incorrect post-Amendment 591, because the enhanced penalties provided by § 2D1.2 should not apply when he was not actually convicted of violating a statutory provision associated with that guideline. See, e.g., United States v. Moreno, 421 F.3d 1217, 1219–20 (11th Cir. 2005) (per curiam).

Riddick misunderstands the process that led to his actual sentence. In his reply brief, for example, he follows U.S.S.G. § 1B1.1(a)(4) and recalculates the factors

3

associated with each *separate* count of his conviction, arriving at a base offense level of 36 for the count-one conduct. But he overlooks the fact that the counts were grouped according to U.S.S.G. § 3D1.2(d) because, inter alia, "the offense behavior [wa]s ongoing or continuous in nature" and the magnitude of the offense was based on "the quantity of a substance." U.S.S.G. § 3D1.2(d) (1995); see also PSR ¶ 64.[1] When counts so grouped "involve offenses of the same general type to which different guidelines apply"—as was the case here—the court is instructed to "apply the offense guideline that produces the highest offense level." U.S.S.G. § 3D1.3(b) (1995). Because Riddick was convicted of a 28 U.S.C. § 860 offense that was grouped with other offenses, the court's use of offense guideline § 2D1.2 was proper both before and after Amendment 591.

Riddick's argument regarding the use of incorrect drug quantities is unrelated to the promulgation of Amendment 591, which did not change the "selection of the base offense level within that applicable offense guideline." Rivera, 293 F.3d at 586. Both the circa-1995 version and the current version of the Guidelines apply the § 2D1.2 enhancement "to the quantity of controlled substances directly involving a protected location" and advise that where "only part of the relevant offense conduct directly involved a protected location or an underage or pregnant individual, subsections (a)(1)

---

[1] See United States v. Wood, 486 F.3d 781, 790 (3d Cir. 2007) (observing that courts must generally apply the guidelines in effect at the time of sentencing) (citation omitted). But see Peugh v. United States, No. 12–62, ___ U.S. ___, 2013 WL 2459523, at *14 (June 10, 2013) (discussing exceptions to avoid Ex Post Facto violations).

and (a)(2) may result in different offense levels."[2]  As Riddick acknowledges, a court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582, and that statute does not authorize a plenary resentencing.  See Dillon v. United States, 130 S. Ct. 2683, 2691 (2010).  Thus, this claim falls "outside the scope of a sentence modification under section 3582."  United States v. McBride, 283 F.3d 612, 616 (3d Cir. 2002); see also United States v. Evans, 587 F.3d 667, 674 (5th Cir. 2009) (observing that "arguments for direct appeal . . . are not cognizable under § 3582(c)(2)") (citing United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994)).[3]  Similarly, Riddick's request for a reduction of sentence based on personal factors is not a basis for relief under the limited scope of § 3582(c)(2).

Accordingly, we will affirm the District Court's judgment.

---

[2] The Amendment altered Application Note 1 of U.S.S.G. § 2D1.2 to emphasize that the guideline should apply only to charged offenses, but left the remainder of the guideline unchanged.

[3] To the extent that Riddick argues that the grouping of the counts of conviction under U.S.S.G. § 3D1.2(d) was improper, he could have disputed the grouping on direct appeal, but did not do so.  See generally Br. for Appellant, 1995 WL 17778618.  We cannot reach the issue now.  Evans, 587 F.3d at 674.