**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1346
_____

UNITED STATES OF AMERICA



v.

MONROE E. BULLOCK, a/k/a MUNCHIE,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:95-cr-00296-002)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2013

Before:  SMITH, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2013)
_____

OPINION
_____

PER CURIAM

Monroe Bullock, a federal inmate proceeding pro se, appeals from the District Court's
order denying his motion for a reduction of sentence pursuant to 18 U.S.C.
§ 3582(c)(2).  For the following reasons, we will affirm.

Bullock was convicted of conspiracy to distribute cocaine base following a jury trial. Under the then-mandatory Sentencing Guidelines, Bullock's base offense level was 36. However, his adjusted offense level was 44 after the application of various sentencing enhancements. Bullock's Guidelines range called for life imprisonment, which the late Honorable James M. Kelly imposed.

We affirmed on direct appeal. United States v. Bullock, 129 F.3d 1256 (3d Cir. 1997). After unsuccessfully pursuing post-conviction relief, Bullock filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Guidelines, which lowered the base offense level for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). The District Court reduced Bullock's sentence to 360 months' imprisonment but denied his request for an additional reduction, and we affirmed. See United States v. Bullock, No. 08-4098 (order entered Oct. 19, 2009).

In November 2012, Bullock filed a motion pursuant to § 3582(c)(2) and Amendment 591, arguing that the sentencing court incorrectly applied the base offense level for crack cocaine offenses because the Government failed to prove that the substance at issue was crack cocaine. He further asserted that the sentencing court's determination that the substance was crack cocaine was based on an insufficient factual basis. The District Court denied his motion, noting that Amendment 591 did not impact the selection of the appropriate base offense level under U.S.S.G. § 2D1.1. Bullock timely filed this appeal.

## II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's ultimate decision to deny Bullock's § 3582(c)(2) motion for abuse of discretion, but review de novo the District Court's legal interpretation of relevant statutes and guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

## III.

Under § 3582(c)(2), a sentencing court may reduce an imposed sentence based on a subsequent amendment to the Guidelines if the amendment is named in the policy statement contained in U.S.S.G. § 1B1.10. See United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002). Amendment 591 is retroactively applicable under § 1B1.10(c). The Guidelines require a sentencing court to refer to the Statutory Index of the Sentencing Manual (Appendix A) to choose the offense guideline. Amendment 591 no longer permits the sentencing court to choose the offense guideline based on the offender's actual conduct; instead, the sentencing court must apply the offense guideline that corresponds to the statute of conviction. See United States v. Diaz, 245 F.3d 294, 302 (3d Cir. 2001).

In denying Bullock's motion, the District Court explained that the sentencing court referenced Appendix A and selected § 2D1.1 as the applicable offense guideline for Bullock's conviction under 21 U.S.C. § 846. No violation of Amendment 591 occurred, as this is exactly the procedure now mandated by the amendment. In his motion, Bullock argues that Amendment 591 would preclude the District Court from relying on the cocaine base portions

3

of § 2D1.1's drug weight table to determine his base offense level. However, he confuses the concepts of the applicable "offense guideline" with the "base offense level" within that offense guideline. See United States v. Rivera, 293 F.3d 584, 585 (2d Cir. 2002); accord United States v. Moreno, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (Amendment 591 does not restrict the use of judicially-found facts to select the base offense level). Accordingly, Amendment 591 does not afford Bullock any relief.[1]

In his brief, Bullock alleges that Amendment 591 precludes application of U.S.S.G. § 2D1.1 altogether. He argues that § 2D1.1 only applies to crack cocaine and that there are no guidelines for offenses involving other forms of cocaine base. Bullock's argument is clearly misplaced, as offenses involving other forms of cocaine base would still be governed by § 2D1.1, but the substance would be treated as cocaine for determining the base offense level. See United States v. Barbosa, 271 F.3d 438, 467 (3d Cir. 2001) (under the Sentencing Guidelines, use of the term "cocaine base" only refers to crack); see also U.S.S.G. § 2D1.1(c) (distinguishing between cocaine and cocaine base in the drug quantity table). Furthermore, the sentencing court's determination that Bullock conspired to distribute crack cocaine cannot be reconsidered under the limited scope of § 3582(c)(2). See Dillon v. United States, 130 S. Ct. 2683, 2694 (2010).

IV.

For the foregoing reasons, we will affirm the District Court's order.

---

[1] We disagree with Bullock that Amendment 591 contains any ambiguity that could be construed in his favor under the rule of lenity. See United States v. Flemming, 617 F.3d 252, 269-70 (3d Cir. 2010).