NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604
Submitted December 8, 2015[*]
Decided December 11, 2015

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 15-2292 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 97-CR-98 |
| DAVID KADLEC, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**Order**

We affirmed David Kadlec's convictions and sentences in *United States v. Warneke*, 310 F.3d 542 (7th Cir. 2002). Eleven years later, in 2013, Kadlec asked the district court to reduce his sentence under Amendment 591 to the Sentencing Guidelines, which became effective on November 1, 2000—before his direct appeal was resolved. The Sentencing Commission has made Amendment 591

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

retroactive (see Amendment 607, effective on the same date). It is open to question whether a defendant can bypass a change to the Guidelines on direct appeal and raise it a decade later, but for current purposes we assume that this is permissible.

Amendment 591 requires district courts to select the appropriate Guideline by using the Statutory Index to the Guidelines. Kadlec was convicted of violating 18 U.S.C. §1962(c), part of the Racketeer Influenced and Corrupt Organizations Act. The Statutory Index directs district judges to U.S.S.G. §2E1.1. That is the Guideline the district judge used at Kadlec's sentencing, so the judge found that Amendment 591 did not offer Kadlec any benefit and denied his motion.

Kadlec argued to the district court, and to us, that because the district judge enhanced his offense level after concluding that he committed or was accountable for a murder, the court should have selected a different Guideline. But Amendment 591 links the starting Guideline to the offense of conviction, *not* to conduct that might lead to a sentence adjustment. See *United States v. Rivera*, 293 F.3d 584 (2d Cir. 2002). The district court thus proceeded exactly as it should have done, both before and after Amendment 591.

A good deal of Kadlec's appellate brief boils down to a contention that the district judge made errors of fact and law in his original sentencing. But 18 U.S.C. §3582(c)(2), which permits district courts to implement retroactive changes to the Guidelines, does not require (or permit) a judge to consider any issue other than the one in the revised Guideline. In particular, it does not require (or permit) what amounts to a belated appeal or a full resentencing. *Dillon v. United States*, 560 U.S. 817 (2010). The district court did not err in denying Kadlec's motion.

AFFIRMED