[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11636**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-00732-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONNIE BOWENS,
a.k.a. Michael Thomas,
a.k.a. Michael James,
a.k.a. Johnny B.,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 8, 2005)**

**Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.**

**PER CURIAM:**

On September 12, 1991, a Southern District of Florida jury found appellant guilty (on a seven-count indictment) of conspiracy to possess with intent to distribute cocaine (Count I), possession with intent to distribute cocaine (Count II), using or carrying a firearm during and in relation to a drug trafficking crime (Count III), escape (Count IV), and possession of a firearm by a convicted felon (Count VII).  On January 29, 1992, the district court imposed the following sentences: concurrent prison terms of 360 months on Counts I and II, concurrent prison terms of 60 months on Counts IV and VII, and a consecutive prison term of 60 months on Count III, for a total term of imprisonment of 420 months. Appellant appealed his convictions, and we affirmed.  United States v. Bowens, 20 F.3d 1173 (Table), 11th Cir. (Fla.), Apr 11, 1994.

On November 9, 2004, after having been denied relief under 28 U.S.C. § 2255, appellant, proceeding under 18 U.S.C. § 3582(c)(2),  moved the court to reduce his combined sentences.  Citing Amendment 591 to the United States Sentencing Guidelines § 1B1.1(a),[1] which applies to his drug offenses, Counts I and II, he asked that the court resentence him to a term of imprisonment somewhere between 210 and 262 months.  The court denied his motion.  He now

---

[1]Amendment 591 became effective November 1, 2000, and modified U.S.S.G. § 1B1.1(a) by replacing the existing language with the following: "Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See § 1B1.2." U.S.S.G. App. C (November 1, 2003).

appeals.

Appellant contends that the addition of "to the offense of conviction" made in Amendment 591 requires the court to determine his offense of conviction on Counts I and II, which is based upon the jury's drug quantity determination. He maintains that because the jury did not make a drug quantity determination in his case, his offense of conviction falls under 21 U.S.C. § 841(b)(1)(C), and, therefore, his statutory maximum term of imprisonment on Counts I and II is 20 years. He posits that a 20-year statutory maximum term of imprisonment yields a base offense level of 32 under the Guidelines career offender provision, U.S.S.G. § 4B1.1, and a resulting guideline range of 210-240 months. Appellant further contends that Amendment 591 applies to career offender provisions of Chapter Four of the Guidelines because those provisions directly relate to a defendant's offense of conviction. Finally, he submits that Congress intended that drug quantities be an element of the offense before the Supreme Court handed down its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2]

We review a district court's decision whether to reduce a defendant's

---

[2] If appellant thought that Congress had made drug quantities an element of the Counts I and II offenses which the jury should have found but did not, he should have brought the issue to this court's attention on direct appeal. He did not; hence, we do not consider it here.

3

sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. <u>United States v. Brown</u>, 332 F.3d 1341, 1343 (11th Cir. 2003).

Generally, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, where a defendant has been sentenced pursuant to a sentencing range "that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement in this case is U.S.S.G. § 1B1.10(a), which provides:

> "Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement and thus is not authorized."

U.S.S.G. § 1B1.10(a). The amendment at issue here, of course, is Amendment 591, is listed in U.S.S.G. § 1B1.10(c) and thus applied retroactively.

In <u>United States v. Moreno</u>, 421 F.3d 1217 (11th Cir. 2005), the defendant appealed the denial of his § 3582(c)(2) motion for a reduction of sentence. The defendant had been convicted under 21 U.S.C. §§ 846, 841(a)(1), and presented

4

arguments similar to those appellant advances here. Specifically, the defendant

argued that Amendment 591 prohibited the court "from selecting the base offense

level pursuant to . . . § 2D1.2 where the judge (not the jury) found the requisite

drug quantity" used to determine the applicable base offense level. Id.

In determining whether the district court abused its discretion, we first found

that "Amendment 591 requires that the initial selection of the offense guideline be

based only on the statute or offense of conviction rather than on judicial findings of

actual conduct not made by the jury." Id. We explained that the amendment

"directs the district court to apply the guideline dictated by the statute of

conviction, but does not constrain the use of judicially found facts to select a base

offense level within the relevant guideline." Id. at 1219-20. As a matter of first

impression, we then held that "because Amendment 591 only applies to the

selection of the relevant offense guideline, not the selection of a base offense level

within the applicable offense guideline, the district court did not abuse its

discretion by denying [the defendant's] § 3582(c)(2) motion." Id. at 1220.

Our decision in Moreno is directly on point. Appellant argues that because

the drug quantity in his case was not determined by a jury, he should have been

sentenced pursuant to a different offense of conviction and, therefore, received a

lower base offense level. This argument is substantially similar, if not identical, to

5

the argument presented in <u>Moreno</u>. <u>Moreno</u>, 421 F.3d at 1219. The <u>Moreno</u> panel clearly rejected the argument advanced by the defendant Moreno and by appellant here. <u>See</u> <u>id.</u> at 1220. Therefore, this portion of appellant's argument is without merit.

<u>Moreno</u> did not address the remainder of appellant's argument—that Amendment 591 requires his sentence pursuant to the career offender provision of the Guidelines to be modified because his offense of conviction directly relates to his offense statutory maximum used to calculate his offense level. Nevertheless, this argument is also without merit because Amendment 591 does not concern Chapter Four of the Guidelines (the career offender provisions). <u>See</u> U.S.S.G. §§ 1B1.1(a), 4B1.1. As we explained in <u>Moreno</u>, Amendment 591 "was designed to clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 . . . apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or . . . involving a protected individual." <u>Moreno</u>, 421 F.3d at 1219. Amendment 591, therefore, does not address the calculation of a career offender's base offense level under U.S.S.G. § 4B1.1(b). Even if Amendment 591 did address § 4B1.1, appellant's sentence would still not warrant a reduction because his base offense level of 37 was not

only based on his status as a career offender, but on the entirely independent ground of his drug quantity and § 3A1.2(b) enhancement. Thus, for the reasons explained above, his offense level is not affected by Amendment 591.

The district court did not abuse its discretion in denying appellant's motion for reduction of sentence.

**AFFIRMED.**