07-1151-pr
Poindexter v. USA

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: January 23, 2009                    Decided: February 10, 2009)

Docket No. 07-1151-pr

_____

Melvin Poindexter,

*Petitioner-Appellant*,

– v –

United States of America,

*Respondent-Appellee*.[1]

_____

Before: WALKER, CALABRESI, and KATZMANN, *Circuit Judges*.

Appellant argues that the District Court erred in denying his motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  The judgment of the District Court is AFFIRMED.

> CHERYL J. STURM, Chadds Ford, Pa., *for Petitioner-Appellant*.
>
> H. GORDON HALL, Assistant United States Attorney (Sandra Glover, Assistant United States Attorney, *on the brief*), *for* Nora R. Dannehy, Acting United States Attorney, District of Connecticut, New Haven, Conn., *for Respondent-Appellee*.

_____

[1] We direct the clerk of Court to amend the caption as noted.

-1-

PER CURIAM:

Melvin Poindexter appeals from the judgment of the United States District Court for the District of Connecticut (Burns, *J.*) denying his motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Poindexter argued that he had been sentenced based on a sentencing range subsequently reduced by Amendment 591 to the United States Sentencing Guidelines. The District Court concluded that the sentencing court had complied with Amendment 591 in selecting the applicable offense guideline, and so Poindexter was not entitled to relief under § 3582(c)(2). For the reasons that follow, we conclude that the District Court properly denied Poindexter's motion.

**BACKGROUND**

In March 1994, Melvin Poindexter, among others, was indicted on one count of conspiracy to possess with intent to distribute and to distribute an unspecified quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On January 4, 1995, the Government filed a Second Offender Information for Poindexter pursuant to 21 U.S.C. § 851, notifying Poindexter that it would rely on his prior convictions to seek a penalty enhancement. On January 18, 1995, following a jury trial, Poindexter was convicted of the charged conspiracy.

At Poindexter's April 1995 sentencing, the court determined that Poindexter was responsible, as a conspirator, for at least fifteen, but less than fifty, kilograms of cocaine. The sentencing court further found that Poindexter qualified as a career offender under U.S.S.G. § 4B1.1(a). The court calculated Poindexter's base offense level as 37, based on (a) the career offender guideline, (b) the court's finding that Poindexter was responsible for 15 to 50 kilograms

of cocaine, and (c) 21 U.S.C. § 841(b)(1)(A)'s specification that this quantity of cocaine was punishable by up to life in prison. With a Criminal History Category of VI, Poindexter faced a Guidelines range of 360 months to life in prison. The court imposed a sentence of 360 months' imprisonment. We affirmed Poindexter's conviction on appeal. *United States v. Fullwood*, 86 F.3d 27 (2d Cir. 1996).

On January 10, 2006, Poindexter filed a motion to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[2] This section authorizes a court to reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Poindexter relied on Amendment 591 to the United States Sentencing Guidelines, which requires that the initial selection of the offense guideline be based only on the statute or offense of conviction, rather than on judicial findings of actual conduct not made by the jury. *See* U.S.S.G. appx. C, amend. 591 (2003).

Poindexter argued that his guidelines range was erroneously calculated because the career offender guideline states that the offense statutory maximum is "the maximum term of imprisonment authorized for the offense of conviction," U.S.S.G. § 4B1.1, Application Note 2, but the sentencing court relied on its finding that Poindexter was responsible for 15 to 50 kilograms of cocaine in computing the offense statutory maximum. As a result, the sentencing court took the "offense statutory maximum" from 21 U.S.C. § 841(b)(1)(A), rather than from 21

---

[2] The District Court initially construed Poindexter's motion as one made under 28 U.S.C. § 2255, and transferred it to this Court for an order authorizing a second or successive motion under that statute. On May 24, 2006, this Court remanded the case to the District Court, finding that the District Court erred in construing the motion as a successive motion.

U.S.C. § 841(b)(1)(C), which applies where no quantity of drugs is specified. This changed the offense statutory maximum from thirty years' imprisonment to life in prison, which increased Poindexter's base offense level from 34 to 37 under the career offender guideline, which in turn led to a higher guidelines range. In view of this claimed error, Poindexter sought relief under Amendment 591, pursuant to 18 U.S.C. § 3582(c)(2). Poindexter did not challenge the sentencing court's choice of the applicable guideline section.

On March 16, 2007, the District Court denied Poindexter's motion. The District Court found that Poindexter was attacking only the sentencing court's use of relevant conduct to increase his offense level and maximum sentence, and was not making any argument regarding the selection of the correct guideline for the offense of conviction as required by Amendment 591. The District Court quoted our opinion in *United States v. Rivera*, 293 F.3d 584, 586 (2d Cir. 2002) (per curiam), for the proposition that Amendment 591 "'applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.'" The District Court concluded that, because the applicable offense guideline was correct (and remained unchallenged), Amendment 591 did not apply to Poindexter's case.

**DISCUSSION**

On appeal, Poindexter presents essentially the same claim he made before the District Court—that he is entitled to a reduced sentence in accordance with Amendment 591 because the sentencing court relied on relevant conduct as well as the offense of conviction to compute the offense statutory maximum under the career offender guideline.

This Court has not yet determined the appropriate standard of review to apply to a district court decision denying a motion under 18 U.S.C. § 3582(c)(2). *See Cortorreal v. United States*, 486 F.3d 742, 743 (2d Cir. 2007) (per curiam) (declining to decide the standard of review where an appeal was frivolous). "Those circuits that have addressed the issue have determined that such a decision should be reviewed for abuse of discretion." *Id.* (citing *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006) (per curiam); and *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam)). We need not reach the question of the applicable standard of review in this case because the District Court made no error in finding that Amendment 591 did not apply to Poindexter's case.

A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582. *See Cortorreal*, 486 F.3d at 744. Section 3582(c)(2) provides, in relevant part, that a court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Changes in law brought about by court decisions may not be a basis for reduction of sentence under § 3582(c)(2). *See Cortorreal*, 486 F.3d at 744 ("[B]ecause *Booker* was not a guideline amendment promulgated by the Sentencing Commission, the terms of Section 3582(c)(2) do not apply . . . ."). In U.S.S.G. § 1B1.10, the Sentencing Commission set forth a policy statement enumerating the guideline amendments that

may support relief under § 3582(c)(2). Amendment 591 is one such amendment. U.S.S.G. § 1B1.10(c).

Amendment 591 "requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct (in this case, drug quantity) that [were not] made by the jury." *Rivera*, 293 F.3d at 585. We have emphasized that "[t]he plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level." *Id.* at 586; *see also Moreno*, 421 F.3d at 1219-20.

Poindexter attempts to distinguish *Rivera* by contending that Amendment 591 applies to *offense levels* within the career offender guideline because this guideline is the only one that uses the term "offense of conviction" to determine not only the applicable guideline, but also the offense level within the guideline. Poindexter is correct that *Rivera* does not squarely answer the question presented by his appeal—whether "Amendment 591 requires [a] sentence pursuant to the career offender provision of the Guidelines to be modified because [the] offense of conviction directly relates to [the] statutory maximum used to calculate [the] offense level." *United States v. Bowens*, 164 Fed. Appx. 797, 800 (11th Cir. 2005) (per curiam) (unpublished) (recognizing that *Moreno*, which addressed substantially the same question as *Rivera* in the Eleventh Circuit, did not answer this question).

Nonetheless, we are persuaded by the reasoning of the Eleventh Circuit when it rejected this argument. In *Bowens*, the Eleventh Circuit explained,

Amendment 591 does not concern Chapter Four of the Guidelines (the career offender provisions). *See* U.S.S.G. §§ 1B1.1(a), 4B1.1. As we explained in *Moreno*, Amendment 591 "was designed to clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 . . . apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or . . . involving a protected individual." *Moreno*, 421 F.3d at 1219. Amendment 591, therefore, does not address the calculation of a career offender's base offense level under U.S.S.G. § 4B1.1(b).

*Id.* (alterations in original). As *Bowens*, *Moreno*, and *Rivera* indicate, reading Amendment 591 as shaping the meaning of "offense of conviction" throughout the Guidelines overreads the amendment. Amendment 591 is limited in scope to the determination of the applicable offense guideline in Chapter Two of the Sentencing Guidelines. Base offense level calculations (and career offender guideline calculations) are governed by other parts of the Guidelines. "Offense of conviction" in these other parts is not affected by Amendment 591.

Because Poindexter's appeal challenges only the calculation of the base offense level, and not the sentencing court's choice of applicable offense guideline, Amendment 591 is inapplicable. Poindexter's appeal consequently fails.

## CONCLUSION

We have considered all of Poindexter's claims, and find them to be without merit.

Accordingly, the judgment of the District Court is **AFFIRMED**.

-7-