Wasang MOCK, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. S2 90 Cr. 890 (PKL).

United States District Court,
S.D. New York.

June 24, 2009.

Wasang T. Mock, Beaumont, TX, pro se.

Theodore M. Greenberg, Locker Greenberg & Brainin, P.C., New York, NY, for Petitioner.

Nancy Northrup, Otto G. Obermaier, United States Attorney, Southern District of New York, New York, NY, for Respondent.

### MEMORANDUM ORDER

LEISURE, District Judge:

Wasang Mock ("Mock" or "petitioner"), *pro se*, moves this Court under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to the retroactive 2007 amendments to the United States Sentencing Guidelines (the "Guidelines") for offenses involving cocaine base ("crack cocaine"). *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") supp. to app. C, amends. 706, 711 (eff. Nov. 1, 2007) & § 1B1.10(c). In his reply memorandum of law, Mock further requests a sentence reduction below the minimum amended Guidelines range, based on the Supreme Court's decisions in *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). For the reasons stated below, Mock's motion for a

sentence reduction based on the amended Guidelines is GRANTED, and his request for a sentence reduction below the minimum amended Guidelines range is DENIED.

### BACKGROUND

The facts underlying petitioner's conviction have been laid out in great detail in this Court's prior decisions. *See Garcia v. United States,* 15 F.Supp.2d 367 (S.D.N.Y. 1998) (Leisure, J.); *United States v. Garcia,* 780 F.Supp. 166 (S.D.N.Y.1991) (Leisure, J.). Accordingly, the Court presumes familiarity with these decisions and provides only a brief summary of the facts and protracted procedural history relevant to the instant motion.

On January 24, 1992, petitioner was convicted after a jury trial under 21 U.S.C. §§ 812, 841, 846 and 18 U.S.C. §§ 2, 924(c), 1623 for conspiracy to possess with intent to distribute cocaine and crack cocaine, possession with intent to distribute cocaine and crack cocaine, use of a firearm during and in relation to a drug trafficking crime, and two counts of perjury. On July 23, 1992, the Court sentenced the defendant to life imprisonment, followed by a mandatory five-year sentence for the firearm offense. Petitioner's direct appeal was denied on February 17, 1994. *See United States v. Valdez,* 16 F.3d 1324, 1326 (2d Cir.1994), *cert. denied, Mock v. United States,* 513 U.S. 810, 115 S.Ct. 60, 130 L.Ed.2d 18 (1994).

On December 8, 2008, petitioner filed a motion to modify his sentence pursuant to recent retroactive amendments to the Guidelines that reduce by two points the base offense levels associated with each quantity range of crack cocaine. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. supp. to app. C, amends. 706, 711 & § 1B1.10(c). The Government does not oppose reducing Mock's sentence to a term of imprisonment

within the amended Guidelines range. (*See* Dkt No. 167, Letter from AUSA Zachary Feingold, Esq., to the Hon. Peter K. Leisure, dated Apr. 22, 2009 ("Gov. Ltr.") at 3.) The Government does oppose any reduction below 360 months, the bottom of the amended range. (*Id.* at 2–3.) In his reply memorandum of law filed on May 15, 2009, Mock requests a further sentence reduction below the minimum amended Guidelines range, citing the Supreme Court's decisions in *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

## DISCUSSION

The Court begins by addressing Mock's request for a reduction in sentence pursuant to the Guidelines amendments. The Court then turns to Mock's arguments on reply that the Court should reduce his sentence to a term of imprisonment less than the minimum of the amended range.

### I. Sentence Reduction Pursuant to Guidelines Amendments

■ It is well established that a Court "may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir.2007) (per curiam); *accord United States v. Williams,* 551 F.3d 182, 185 (2d Cir.2009) ("Congress has authorized courts to modify a term of imprisonment only in limited circumstances."). A narrow exception to this principle permits a court to reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 to the Guidelines, which became effective on November 1, 2007, and which

was given retroactive effect on March 3, 2008, lowers the base offense levels corresponding to the crack cocaine quantity ranges under § 2D1.1(c), and thus lowers the applicable Guidelines sentencing range for certain offenses involving crack cocaine. A reduction in sentence is only authorized if retroactive application of the amendments would lower the defendant's applicable Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).

At the time of sentencing, the Court determined that petitioner had a total offense level of 44, and sentenced him to the corresponding term of life imprisonment, followed by a mandatory five-year sentence for use of a firearm. The amended Guidelines reduce petitioner's base offense level by two points. Based on a new offense level of 42 and a Criminal History Category of II, petitioner's amended Guidelines range is 360 months' to life imprisonment, followed by the mandatory five-year term.

■ When determining whether a reduction is warranted, courts consider the nature and seriousness of the danger posed by defendant to the community, as well as defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. n. 1(B)(ii)-(iii). In the present case, the United States Department of Probation ("Probation") has made the following findings regarding petitioner's time in prison: he has not incurred any disciplinary infractions during his incarceration; he has completed over 5,000 hours in educational courses and a 40-hour Drug Awareness Program; and he has received excellent work evaluations for his institutional work assignments and is regarded as a skilled, reliable employee. (*See* Jan. 20, 2009 Supp. to PSR at 3.) The Government agrees that Probation's findings reveal no significant disciplinary issues that counsel against reducing Mock's sentence. (*See* Gov. Ltr. at 2.)

The Court accepts Probation's findings and reduces petitioner's sentence to 360 months' imprisonment, the bottom of the applicable Guidelines range, followed by the mandatory five-year prison term. *See Garcia v. United States,* No. S2 90 Cr. 890, 2009 WL 484435, at *5 (S.D.N.Y. Feb. 24, 2009) (Leisure, J.) (reducing sentence of Mock's co-defendant to bottom of the applicable amended Guidelines range based on Probation's findings regarding post-sentencing conduct and public safety considerations); *United States v. Regalado,* No. 96 Cr. 505, 2008 WL 3155519, at *2 (S.D.N.Y. Aug. 6, 2008) (Leisure, J.) (reducing defendant's sentence to the bottom of the applicable amended Guidelines range where Probation found no factors bearing negatively on defendant's record with respect to public safety (despite one fight with another prisoner) and where defendant enrolled in numerous classes while incarcerated).

## II. Sentence Reduction Below Amended Guidelines Range

■ Generally, this Circuit disfavors raising new issues or arguments on reply. *See, e.g., Keefe v. Shalala,* 71 F.3d 1060, 1066 n. 2 (2d Cir.1995) (citation omitted); *Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir.1993) (Winter, J.); *see also Playboy Enters., Inc. v. Dumas,* 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) ("Arguments made for the first time in a reply brief need not be considered by a court." (citations omitted)). However, mindful of petitioner's *pro se* status, the Court liberally construes the arguments Mock raises on reply as responsive to arguments raised by the Government in its April 22, 2009 letter. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding a *pro se* complainant to a less stringent standard); *LaBounty v. Adler,* 933 F.2d 121, 122 (2d Cir.1991) (obliging courts to construe *pro se* litigants' papers liberally).

■ On reply, Mock argues that he is eligible for a sentence reduction below the minimum amended Guidelines range of 360 months, based on the Supreme Court's decisions in *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] *Booker* rendered the Sentencing Guidelines advisory rather than mandatory. *Booker,* 543 U.S. at 245, 264–65, 125 S.Ct. 738. *Kimbrough* holds that, when determining an appropriate sentence under 18 U.S.C. § 3553, it is not an abuse of discretion for a district court to vary from the crack cocaine Guidelines based on a policy disagreement with the Guidelines. *Kimbrough,* 128 S.Ct. at 564, 574–75; *see also Spears v. United States,* — U.S. ——, 129 S.Ct. 840, 844, 172 L.Ed.2d 596 (2009) (expanding discretion of District Courts to deviate from Sentencing Guidelines),

■ Contrary to petitioner's contention, neither *Booker* nor *Kimbrough* provide a basis for this Court to reduce his sentence. First, neither applies retroactively to petitioner's case on collateral re-

---

1. Mock also requests appointment of counsel to assist in his § 3582(c)(2) motion. This Court declines to appoint counsel for Mock because his request for a sentence reduction below the amended Guidelines lacks substance. *See United States v. Campbell,* No. 03 Cr. 537, 2008 WL 1957773, at *1 (E.D.N.Y. May 5, 2008) (denying defendant's motion to appoint counsel because he did not qualify for relief under § 3582(c)(2)) (citing *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986)); *see also United States v. Guerrero,* No. 91 Cr. 493-02, 2009 WL 1110555, at *3 n. 4 (S.D.N.Y. Apr. 23, 2009) ("All Circuit Courts to consider this issue have held that there is *no* mandatory right to counsel for a § 3582(c)(2) motion.").

view. *See Guzman v. United States,* 404 F.3d 139, 141 (2d Cir.2005) ("*Booker* is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued."); *United States v. Guerrero,* No. 91 Cr. 493–02, 2009 WL 1110555, at *2 (S.D.N.Y. Apr. 23, 2009) ("Under the *Guzman* reasoning, the Court similarly concludes that *Kimbrough* does not apply retroactively.").[2] Mock's sentence became final before *Booker* and *Kimbrough* issued. Therefore, the Court cannot use either precedent to determine Mock's sentence differently now. *See Guerrero,* 2009 WL 1110555, at *2. Moreover, "[c]hanges in law brought about by court decisions may not be a basis for reduction of sentence under § 3582(c)(2)." *Poindexter v. United States,* 556 F.3d 87, 89 (2d Cir.2009) (per curiam) (citing *Cortorreal,* 486 F.3d at 744).

Second, as mentioned, "[a] sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter,* 556 F.3d at 89. Sentence reductions under 18 U.S.C. § 3582(c)(2) are permissible if "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement at issue here is § 1B1.10, which provides that, save for exceptions not applicable here, where a defendant initially received a sentence within or above the applicable pre-amendment Guidelines range, a district court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A) (emphasis added). Despite petitioner's assertion that the Court should regard this statement as advisory, the Second Circuit recently held that this policy statement is mandatory and is "binding on sentencing courts." *United States v. Savoy,* 567 F.3d 71, 73 (2d Cir.2009) (per curiam); *see also United States v. Williams,* 551 F.3d 182, 186 (2d Cir.2009) (explaining that Courts are "bound by the language" of policy statements issued by the Sentencing Commission); *Guerrero,* 2009 WL 1110555, at *2 (stating that *Booker* and *Kimbrough* "do not alter the limited scope of resentencing permitted by § 3582(c)(2) and Amendment 706, in light of the Sentencing Commission policy statement"); *United States v. Diggins,* No. 03 Cr. 801, 2008 WL 4054413, at *5–7 (S.D.N.Y. Aug. 27, 2008) (finding the limitation on resentencing in the Sentencing Commission's policy statement mandatory, rather than advisory, because "[s]entence modifications under § 3582(c)(2) ... do not raise the Sixth Amendment concerns that led the Court to render the Guidelines advisory in *Booker....*" (citation omitted)); *United States v. Jimenez,* No. 04 Cr. 329, 2008 WL 2774450, at *1 (S.D.N.Y. July 16, 2008) (holding that "*Booker* and *Kimbrough* do not apply to sentence reductions under § 3582(c)(2)" and denying defendant's motion for a reduction of his sentence below the amended Guideline range). Accordingly, this Court lacks the authority to reduce defendant's sentence to a term that is less than the minimum of the amended Guidelines range, *i.e.,* less than 360 months.

## CONCLUSION

For the above-stated reasons, the Court REDUCES petitioner's sentence to 360 months' imprisonment, followed by the mandatory five-year prison term. All oth-

---

**2.** Pursuant to the Second Circuit's concerns in *Lebron v. Sanders,* 557 F.3d 76 (2d Cir. 2009) (per curiam), copies of all cases citing to electronic databases have been appended to the copy of this Memorandum Order sent to petitioner.

er terms of the original sentence remain in effect.

**SO ORDERED.**