**UNITED STATES of America, Appellee,**

v.

**Jack J. MINICONE, Jr., Defendant–Appellant.**

**No. 08–3678–cr.**

United States Court of Appeals, Second Circuit.

Sept. 29, 2009.

Jack J. Minicone Jr., pro se.

Elizabeth S. Riker, Assistant United States Attorney (Edward R. Broton, Assistant United States Attorney, on the brief), for Andrew T. Baxter, Acting United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges, JOHN

**638**

GLEESON,* District Judge.

## SUMMARY ORDER

Defendant Jack J. Minicone Jr., proceeding *pro se,* appeals from an order denying his second motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), construed by the district court as a motion to reconsider the denial of his first § 3582(c)(2) motion. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

"[W]e review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion," *United States v. Borden,* 564 F.3d 100, 104 (2d Cir.2009), and its interpretation of the Sentencing Guidelines and relevant statutes *de novo, see United States v. Williams,* 551 F.3d 182, 185 (2d Cir.2009); *United States v. Gray,* 535 F.3d 128, 130 (2d Cir.2008). We identify neither abuse of discretion nor legal error in the district court's denial of Minicone's second § 3582(c)(2) motion.[1]

A sentencing court's authority to modify an imposed sentence is limited to the conditions set forth in 18 U.S.C. § 3582. *See Poindexter v. United States,* 556 F.3d 87, 89 (2d Cir.2009). Minicone contends he is eligible for relief pursuant to § 3582(c)(2) because the Guidelines sentencing range applicable to his case was lowered pursuant to 28 U.S.C. § 994(*o*) by the Sentencing Commission's adoption of Amendment 591 on November 1, 2000, made retroactive by U.S.S.G. § 1B1.10(c). *See Poindexter v. United States,* 556 F.3d at 89.

Minicone's claim is without merit. "Amendment 591 is limited in scope to the determination of the applicable offense guideline in Chapter Two of the Sentencing Guidelines," *id.* at 90, and "requires that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct ... that will never be made by the jury," *United States v. Rivera,* 293 F.3d 584, 585 (2d Cir.2002). Minicone does not argue, however, that the sentencing court erred in its selection of U.S.S.G. § 2E1.1 as the applicable *offense guideline.* Rather, he argues that the court erred in its application of § 2E1.1(a)(2) in calculating his *base offense level.* This argument is beyond the scope of Amendment 591, which "applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level." *Id.* at 586 (emphasis in original); *Poindexter v. United States,* 556 F.3d at 90; *see also United States v. Hurley,* 374 F.3d 38, 40–41 (1st Cir.2004) (holding that Amendment 591 did not affect use of relevant conduct "to identify the pertinent 'underlying racketeering activity' pursuant to § 2E1.1's cross reference").

Because Amendment 591 " 'does not have the effect of lowering the defendant's applicable guideline range,' " Minicone is ineligible for relief under 18 U.S.C. § 3582(c)(2). *United States v. Martinez,* 572 F.3d 82, 86 (2d Cir.2009) (quoting U.S.S.G. § 1B1.10(a)(2)(B)). Thus, Minicone's arguments regarding, *inter alia,* subsequent amendments to New York Penal Law or the proper application of § 2E1.1(a)(2) are not properly considered here. Such arguments are without merit in any event, because (1) a change in state

1. We need not here decide whether a more stringent standard applies to review of motions to reconsider previously denied § 3582(c)(2) motions, as Minicone's appeal is without merit under any standard.

law is not one of the "limited conditions" under which a court may entertain a § 3582 motion, *see Poindexter v. United States,* 556 F.3d at 89; and (2) we have previously held that, under U.S.S.G. § 2E1.1(a)(2), second-degree murder under New York law may be analogized to first-degree murder under 18 U.S.C. § 1111, *see, e.g., United States v. Carr,* 424 F.3d 213, 231 (2d Cir.2005) (citing cases).

For the foregoing reasons, the order of the district court is AFFIRMED.