**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7077**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

EDWARD J. ROBINSON, a/k/a Jason,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (2:92-cr-00163-6)

Submitted:  October 7, 2009        Decided:  October 26, 2009

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edward J. Robinson, Appellant Pro Se.  Laura Marie Everhart,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward J. Robinson appeals the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (2006). For the reasons set forth below, we affirm.

Our review of the record reveals that the district court mistakenly assumed that Robinson was seeking relief under Amendment 706 of the U.S. Sentencing Guidelines Manual ("USSG"), which lowered the base offense levels for drug offenses involving cocaine base. USSG App. C, Amend. 706. In his § 3582(c) motion, however, Robinson clearly sought the benefit of Amendment 591.

Although Amendment 591 applies retroactively, see USSG § 1B1.10(c), it clearly does not apply to Robinson's case. The Amendment simply "requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). In short, "'[t]he plain wording of Amendment 591 applies only to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.'" Poindexter v. United States, 556 F.3d 87, 89 (2d Cir. 2009) (quoting United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002)).

2

We find that the district court correctly selected USSG § 2D1.1 as the proper offense guideline for Robinson's convictions under 21 U.S.C. §§ 841(a), 846 (2006). Although Robinson argues that his base offense level was improperly enhanced based on the district court's determination of drug quantity, Amendment 591 "does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." Moreno, 421 F.3d at 1220.

We therefore affirm the district court's denial of Robinson's § 3582(c) motion on this alternate ground. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED