United States v. Fulton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                          12-2544

Darrell George Fulton,

> *Defendant-Appellant,*

Lance Green, AKA L, AKA L.A.,
Cedric Terry,

> *Defendants.*

_____

FOR DEFENDANT-APPELLANT:        Darrell George Fulton, *pro se*,
                                Otisville, NY.

FOR APPELLEE:                    Emily Berger, Tali Farhadian, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Defendant-Appellant Darrell George Fulton, *pro se*, appeals from the district court's denial of his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Section 3582 permits a district court to reduce a term of imprisonment, when the underlying sentencing range has been reduced, after considering the 3553(a)factors consistent with Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has authorized § 3582(c)(2) reductions where an amendment listed in § 1B1.10(c) has lowered the Guidelines range applicable to the defendant. *See* U.S.S.G. 1B1.10(a)(1).

In 2000, the Sentencing Commission amended § 1B1.1 to "require[] that the initial selection of the offense guideline be based only on the statute (or offense) of conviction rather than on judicial findings of actual conduct . . . that will never be

2

made by the jury." *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). The amendment is listed in § 1B1.10(c) and applies retroactively. *See* U.S.S.G. § 1B1.10(c).

We agree with the district court that this amendment does not apply to these facts. Contrary to Fulton's contention, the district court did not select a first-degree murder Guideline, U.S.S.G. § 2A1.1, as the applicable offense guideline. First, the district court acknowledged during its November 1995 sentencing hearing that the relevant uncharged robbery and murder "could not have been computed into the determination of the offense level" and could "only be considered for purposes of upward departure." Second, during its December 1995 resentencing hearing, the district court found that it had erroneously included the robbery and murder as an "unspecified act[]" when calculating Fulton's base offense level on the robbery conspiracy count and explicitly determined that those acts could be considered only for purposes of an upward departure because they had not been submitted to the jury. Third, during the December 1995 resentencing hearing, the district court found that Fulton's total offense level was 25, which was well below the base offense level of 43 that the court would have applied under U.S.S.G. § 2A1.1. *See id.* Moreover, the record does not suggest that the district court downwardly departed from a base offense level of 43 to reach its total offense level of 25. Finally, the district

3

court fixed Fulton's total offense level of 25 before using U.S.S.G. § 2A1.1 to guide its upward departure.  Accordingly, the amendment is inapplicable.  *See Poindexter v. United States*, 556 F.3d 87, 90 (2d Cir. 2009).

We have considered all of Fulton's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

```
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk
```